```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
_____
                                   )
CURTIS HOWELL,                     )
        Plaintiff,                 )
                                   )
v.                                 )   Civil Action No.
                                   )   23-13135-WGY
PINE STREET INN, BOSTON POLICE     )
DEPARTMENT and MAYOR OF BOSTON,    )
        Defendants.                )
_____)
```

ORDER

YOUNG, D.J.                                          March 21, 2024

Curtis Howell initiated this action on December 14, 2023, by filing an Application to Proceed in District Court Without Prepayment of Fees or Costs and a pro se complaint. Doc. Nos. 1, 2. The case was randomly assigned pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges. Doc. No. 3.

By Memorandum and Order dated January 10, 2024, Howell was granted leave to proceed in forma pauperis and the complaint was screened pursuant to 28 U.S.C. 1915(e)(2). Doc. No. 4. The Memorandum and Order stated that the complaint fails to state a claim upon which relief may be granted. Id. In order to proceed with this action, Howell was advised that he must file an amended complaint by February 7, 2024, and that failure to do so may result in dismissal of the action. Id.

Howell has not filed an amended complaint and the time to do so has expired.  Because Howell is proceeding pro se, the Court liberally construes the complaint. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Reading the complaint generously, it is clear that it fails to meet the minimal screening requirements of 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent Howell filed motions seeking, among other things, correction of the docket, reasonable accommodation, receipt of court rulings by email, and blank summonses, see Doc. Nos. 5 - 8, those motions will be denied.  Howell states that because he is not a prisoner, the in forma pauperis statute is inapplicable to his case, however, Howell misunderstands the scope of cases to which this statute applies due to a clerical error in the statute. Under federal law, a court may authorize the commencement... of any suit... without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses. 28 U.S.C. § 1915(a)(1). Despite the statute's use of the phrase such prisoner, the affidavit requirement applies to all persons requesting leave to proceed in forma pauperis. See Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam); Haynes v. Scott, 116 F.3d 137, 139-40 (5th Cir.

2

1997). The use of the word prisoner in 28 U.S.C. 1915(a)(1) appears to be a typographical error. See In re Perry v. Secretary of Hous. & Urban Dev., 223 B.R. 167, 169 n.2 (8th Cir. 1998); Leonard v. Lacy, 88 F.3d 181, 183 (2d Cir. 1996).

For the aforementioned reasons, it is hereby Ordered:

1.   The Request (Doc. No. 5) for Access to Courts (Court Forms, Blank Summonses with Seal and Clerk Signature, Copy of Docket sheets) is DENIED.

2.   The Request (Doc. No. 6) to Receive Rulings to Email Address is DENIED.

3.   The Request (Doc. No. 7) for Access to Corts, Forms from Clerk, 15 Blank Summonses is DENIED.

4.  The Request (Docket No. 8) for Correction of the Docket Sheet is DENIED.

5.   This action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

6.    The Clerk shall enter a separate order of dismissal.

S**O ORDERED.**

Dated: March 21, 2024          /s/ William G. Young
                               WILLIAM G. YOUNG
                               UNITED STATES DISTRICT JUDGE

3